IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-24 |
| | ) | |
| KAMAU A. BAILEY | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant's Pro Se Motion Appealing the Court's Denial for Clarification of Sentence (Document No. 102) in which he continues to argue that he should not have been classified as an armed career criminal when he was sentenced, and thus his sentence should be clarified.

By way of background, defendant previously argued in his motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence that his trial counsel was ineffective for, inter alia, failing to object to the sentencing enhancement he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), because he did not have the requisite three previous convictions of a violent felony or a serious drug offense to qualify. This court ruled that defendant was properly classified as an armed career criminal, therefore he was subject to the enhanced sentence provided for under the ACCA. Consequently, trial counsel did not render ineffective assistance by failing to challenge application of the ACCA to defendant's sentence because there would not have

been any merit to such an argument.

Defendant subsequently appealed this court's order denying his §2255 motion. The United States Court of Appeals for the Third Circuit denied defendant's request for a certificate of appealability, finding that "[e]ach of the claims of ineffective assistance of counsel for which Bailey sought a certificate of appealability is without merit."

Defendant next filed with this court a motion for clarification in which he essentially requested that we reconsider our ruling on the issue of his classification as an armed career criminal. In a Memorandum and Order of Court dated May 7, 2012 (Document No. 101), this court denied defendant's motion for clarification and reiterated its ruling that he was properly classified as an armed career criminal.

By his instant motion "appealing" this court's "denial for clarification of sentence," defendant asks that we reconsider our previous ruling denying his pro motion for clarification of his sentence. In doing so, defendant continues to challenge his classification as an armed career criminal, a matter which already has been considered and ruled upon by this court several times. For reasons previously stated in the court's opinion addressing defendant's §2255 motion and in its Memorandum and Order denying his motion for clarification, defendant was properly classified as an armed career criminal. There is no basis to reconsider this

AO 72
(Rev. 8/82)

matter, and defendant's motion appealing the court's denial for clarification of sentence will be denied.

An appropriate order will follow.

## O R D E R

AND NOW, this 18th day of April, 2012, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant Kamau A. Bailey's Pro Se Motion Appealing the Court's Denial for Clarification of Sentence (Document No. 102) be, and the same hereby is, denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Kamau A. Bailey
 Inmate No. 08191-068
 USP Pollock
 U.S. Penitentiary
 P.O. Box 2099
 Pollock, LA 71467

AO 72
(Rev. 8/82)