IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-24 |
| | ) | |
| KAMAU A. BAILEY | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant's pro se Motion to Dismiss for Lack of Jurisdiction Pursuant to a Violation of Article II, §3 of the U.S. Constitution and 28 U.S.C. §547 (Document No. 105). For reasons stated below, defendant's motion will be denied.

On August 30, 2004, a grand jury returned a second superseding indictment against defendant charging him with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(e). Defendant was convicted by a jury on June 22, 2005, on both counts. On September 12, 2005, the Honorable Thomas M. Hardiman sentenced defendant to 235 months imprisonment at each count, to be served concurrently, followed by a five-year term of supervised release.[1]

Defendant subsequently filed a timely appeal to the United States Court of Appeals for the Third Circuit. The district court's judgment of conviction and sentence was affirmed on March 20, 2007.

---

[1] Although this case originally was assigned to Judge Hardiman, it was re-assigned to this member of the court when defendant filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 because Judge Hardiman had been appointed to the United States Court of Appeals for the Third Circuit prior to that time.

AO 72
(Rev. 8/82)

Defendant next filed a §2255 motion to vacate, set aside or correct sentence. On January 19, 2011, this court denied defendant's §2555 motion, and he subsequently appealed that ruling. The United States Court of Appeals for the Third Circuit denied defendant's request for a certificate of appealability, finding that "[e]ach of the claims of ineffective assistance of counsel for which Bailey sought a certificate of appealability is without merit."

Defendant next filed with this court a motion for clarification in which he essentially requested that we reconsider our ruling on the issue of his classification as an armed career criminal. In a Memorandum and Order of Court dated May 7, 2012, we denied defendant's motion for clarification and reiterated that he properly was classified as an armed career criminal.

Following that ruling, defendant filed a motion "appealing" this court's "denial for clarification of sentence," in which he asked that we reconsider our previous ruling denying his motion for clarification and continued to challenge his classification as an armed career criminal. In a Memorandum and Order of Court dated April 18, 2013, we ruled that there was no basis to reconsider the matter, and denied defendant's motion.

Despite having fully and repeatedly challenged his conviction and sentence, and despite having received adverse rulings from this court and the Third Circuit regarding the same, defendant now argues that this court lacks subject matter jurisdiction over his case. According to defendant, because "proper authorities of the United States Government" never filed a criminal complaint against him or established probable cause to believe that he committed a federal offense, no subject matter jurisdiction exists and his case should be dismissed.

This court clearly has subject matter jurisdiction over defendant's case. Article III of the United States Constitution provides that '[t]he judicial Power shall extend to all Cases, in Law and

®AO 72
(Rev. 8/82)

Equity, arising under the Constitution, the Laws of the United States and Treaties made, or which shall be made, under their authority . . . ." U.S. Const. art. III, §2, cl. 1. By statute, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231. Defendant was charged in an indictment with committing offenses against the laws of the United States, that is, two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(e). Accordingly, this court's jurisdiction over defendant's prosecution is established.

Defendant's specific claim that subject matter jurisdiction is lacking because the proper authorities never filed a criminal complaint or established probable cause to believe that he committed a federal offense is without merit. A complaint is not a prerequisite to the initiation of a federal criminal prosecution. See United States v. Vizcarrondo-Casanova, 763 F.3d 89, 97 (1st Cir. 2014) (holding that government attorneys had authority to prosecute the defendant for committing various federal offenses, despite the fact that no complaint had been filed, as a complaint is not a prerequisite to the initiation of a criminal prosecution).

In cases where an indictment is returned by the grand jury, no complaint is required:

> No complaint is needed . . . if a more formal determination of probable cause is made first. If an indictment has been returned or an information filed prior to the arrest, a warrant may be issued on this ground alone pursuant to Rule 9. In such a case, probable cause has already been established and there is no need for a complaint.

1 Charles Alan Wright et al., Federal Practice and Procedure §41 (4th ed. 2014) (footnotes omitted). In defendant's case, an indictment was returned against him, thus probable cause was established, and there was no need for the filing of a complaint.

For the reasons discussed, defendant's prosecution properly was initiated by the filing of

3

an indictment and this court has subject matter jurisdiction over his case. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

An appropriate order will follow.

## ORDER

AND NOW, this 5th day of November, 2014, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant Kamau A. Bailey's pro se Motion to Dismiss for Lack of Jurisdiction Pursuant to a Violation of Article II, §3 of the U.S. Constitution and 28 U.S.C. §547 (Document No. 105) be, and the same hereby is, denied.

                                                    /s/ Gustave Diamond
                                                   Gustave Diamond
                                                   United States District Judge

cc:    Kamau A. Bailey

AO 72
(Rev. 8/82)