# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| | ) CR 4-24 |
| V. | ) |
| | ) |
| KAMAU BAILEY | ) |

## MEMORANDUM ORDER

In this action, on June 22, 2005, a jury convicted Defendant of two counts of violating 18 U.S.C. § 922(g). His conviction and sentence were affirmed on appeal. Defendant filed a Motion pursuant to 28 U.S.C. § 2255, seeking relief on thirty-four grounds. The Court denied the Motion. Prior to denying the Motion, the Court issued notice pursuant to United States v. Miller, 197 F. 3d 644, 649 (3d Cir. 1999). Defendant sought a certificate of appealability, which the Court of Appeals denied. Defendant then sought and received permission from the Court of Appeals to file a second or successive Section § 2255 motion; Defendant, through counsel, did so. That Motion challenged the use of Defendant's robbery and aggravated assault convictions as predicate offenses for ACCA purposes, pursuant to Johnson v. United States, 135 S. Ct. 2552 (2015). By Opinion and Order dated June 23, 2017 ("June 23 Order"), this Court denied the Motion. Defendant again sought a certificate of appealability, which the Court of Appeals denied.

Before the Court is Defendant's Motion pursuant to Fed. R. Civ. P. 60, seeking relief from this Court's June 23 Order. In the Motion at bar, Defendant focuses on the use of his prior

1

drug convictions as ACCA predicates, and asserts that United States v. Hinkle, 832 F. 3d 569 (5th Cir. 2016), entitles him to relief.

A "movant under Rule 60(b) bears a heavy burden,"[1] and Rule 60(b) motions are deemed to request "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Oat v. Sewer Enters., 584 F. App'x 36, 41 (3d Cir. 2014). "[C]ourts must heed the Supreme Court's observation...that Rule 60(b)(6) relief in the habeas context...will be rare." Cox v. Horn, 757 F.3d 113, 125 (3d Cir. 2014). Nonetheless, it is well-settled that Rule 60(b) should be liberally construed in order to do justice, and that pro se pleadings are entitled to a liberal construction. I have assessed Defendant's Motion with these principles in mind.

Several problems plague Defendant's request for relief. In the first instance, a Rule 60 Motion asserting that a change in substantive law justifies relief from the previous denial of a claim is, in substance, a successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). As our Court of Appeals has stated in a different context, a petition that "seeks to advance one or more substantive claims attacking [an] armed career criminal sentence... qualifies as second or successive section 2255 motion." In re Adderly, 522 F. App'x 151, 153 (3d Cir. Pa. 2013). A second or successive Section 2255 motion, in turn, is impermissible absent permission from the Court of Appeals. 28 U.S.C. § 2255(h). In addition, Defendant received Miller notice in this matter, and his Section 2255 Motion was filed by counsel. There can be no question that Defendant was on notice that he was required to file one Section 2255 petition asserting all of his claims.

---

[1] Defendant identifies Rules 60(a), (b)(1), (4), and (6) as the bases for his Motion. Nothing in the Motion suggests that there is reason to consider it under any subsection other than (b)(6).

2

For these reasons, Defendant's Motion will be denied, without prejudice to Defendant to seek permission from the Court of Appeals to file a successive Section 2255 petition.

AND NOW, this 5th day of July, 2018, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court