IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| | ) CR 4-24 |
| v. | ) |
| | ) |
| KAMAU BAILEY | ) |

**MEMORANDUM ORDER**

In this action, Defendant was convicted of violating 18 U.S.C. § 922, and the Court of Appeals affirmed his conviction. On June 9, 2008, Defendant filed a Motion pursuant to 28 U.S.C. § 2255. The Motion was denied by Order dated January 19, 2011, and the Court of Appeals denied a certificate of appealability on September 26, 2011. In 2016, through counsel, Defendant obtained permission to file a second Section 2255 Motion, and a counseled Motion and subsequent Amended Motion followed. The counseled Amended Motion challenged the use of Defendant's aggravated assault and robbery convictions as sentencing predicates for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This Court denied the Motion by Order dated June 23, 2017 ("June 23 Order"), and the Court of Appeals denied a request for a certificate of appealability. Acting pro se, Defendant then sought Rule 60 relief from the June 23 Order. In his Rule 60 Motion, Defendant challenged the use of his prior drug convictions as predicate offenses. By Order dated July 5, 2018, that Motion was denied. Before the Court is Defendant's Motion for Reconsideration of that Order, which has been considered according to the well-established liberal standards applicable to pro se pleadings.

1

> "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice".

Breslin v. Dickinson Twp., No. 1:09-CV-1396, 2011 U.S. Dist. LEXIS 54420, at *8-9 (M.D. Pa. May 19, 2011) (citations omitted).

Defendant has not met these standards. He urges that he is entitled to relief under United States v. Hinkle, 832 F. 3d 569 (5th Cir. 2016), but also states that he does not claim an intervening change in controlling law. In any event, Hinkle is neither binding on this Court nor applicable here.[1] Further, there is no suggestion that Defendant's quest rests on previously unavailable new evidence. Further, there was no clear error of law or manifest injustice. Indeed, Defendant does not challenge this Court's earlier findings regarding his predicate offenses other than drug offenses. He complains, primarily, that this Court failed to consider the validity of those drug offenses as predicates. As stated in my July 5 Order, Defendant's Motion was counseled, and he received and responded to Miller notice in this case. My conclusion that his Rule 60 Motion was an impermissible successive petition is consistent with extant judicial authority. See United States v. Melendez, No. 14-00266, 2018 U.S. Dist. LEXIS 17009, at *5 (M.D. Pa. Feb. 1, 2018). There is no suggestion of clear error or manifest injustice, and

---

[1] Hinkle involved a Texas statute defining "delivery" to include "offering to sell." Hinkle, 832 F. 3d at 572, 576. Because it included "offering to sell," the Texas statute reached a greater swath of conduct than does the Guidelines. Hinkle, 832 F. 3d at 576. This Court takes further note of the Illinois statute at issue in United States v. Smith, 681 F. Appx. 483, 488 (6th Cir. 2017), which defined delivery as "the actual, constructive or attempted transfer of possession of a controlled substance, with or without consideration, whether or not there is an agency relationship." Id. at 488. The Sixth Circuit deemed the Illinois statute "squarely within the Guidelines definition" and held that it did "not cover conduct broader than that covered by the Guidelines." Id. By way of comparison, 35 P.S. § 780-113(a)(30) prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance…." 35 P.S. § 780-102 further provides as follows: "'DELIVER' or 'DELIVERY' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug device or cosmetic whether or not there is an agency relationship."

reconsideration is not warranted. Nevertheless, for the sake of thoroughness and clarity, I briefly address Defendant's underlying contentions.[2]

Presently, Defendant asserts that he believed that counsel would challenge the predicate status of his drug offenses, based on the breadth argument to which he now refers. To the extent that Defendant claims that his Section 2255 counsel was ineffective in that regard, that claim cannot be sustained. See, e.g., Gatto v. United States, 997 F. Supp. 620, 633 n.12 (E.D. Pa. 1997) (citing cases). Moreover, as a substantive matter, Courts within this Circuit have rejected breadth arguments similar to that raised by Defendant, noting that our Court of Appeals has not to date accepted same. See Fraction v. United States, No. 14-305, 2018 U.S. Dist. LEXIS 106684, at *4 (M.D. Pa. June 26, 2018). In addition, as recited in this Court's June 23, 2017 Order, Defendant's Presentence Report indicated that his ACCA status rested on three Pennsylvania aggravated assault convictions, and two robbery convictions, one each in Pennsylvania and Ohio. In this proceeding, Defendant agreed that his aggravated assault convictions arose under 18 Pa.C.S. §§ 2702(a)(3), (4), and (5), 18 PA.C.S. § 3701(a)(1)(i) or (ii), and Ohio Rev. Code § 2911.02. As this Court noted in its June 23 Order, convictions under 18 Pa.C.S. §§ 2702(a)(3) and (a)(4), and 18 Pa.C.S. §§ 3701(a)(1)(i) and (a)(1)(ii), and Ohio Rev. Code § 2911.02 have been found to satisfy ACCA's "force" or "elements" clause. See, e.g., United States v. Sunday, No. 08-393, 2018 U.S. Dist. LEXIS 124635, at *41 (W.D. Pa. July 25, 2018) United States v. Ryant, No. 13-358-1, 2018 U.S. Dist. LEXIS 77227, at **8-10 (E.D. Pa.

---

[2] I note that Defendant submitted a pro se document, entitled "Affidavit," in connection with his counseled Section 2255 Motion. Therein, Defendant argued, inter alia, that "delivery" in 35 P.S. § 780-113(a)(30), the statute of conviction, swept more broadly than the generic version of the offense. As a general matter, a court does not consider pro se submissions by counseled parties. Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly, 589 F. Supp. 1330, 1335 (E.D. Pa. 1984). Defendant also contends that his four prior drug convictions "should only count as two convictions." The significance of that contention is unclear, as Defendant has repeatedly recognized that his ACCA sentence was based, in part, on two Pennsylvania convictions for possession with intent to deliver a controlled substance. See, e.g., Amended Motion to Correct Sentence, ECF No. 117, at p. 3.

May 8, 2018); United States v. Edwards, No. 02-662-1, 2017 U.S. Dist. LEXIS 118259, at *19 (E.D. Pa. July 27, 2017).  The Court of Appeals denied a certificate of appealability regarding this Court's June 23 Order. Given the circumstances, Defendant has not explained how an effective challenge to his drug convictions would alter the applicability of ACCA.  In sum, Defendant is not entitled to relief at this juncture, and his Motion for Reconsideration [146] is denied.

    AND NOW, this 20th day of September, 2018 IT IS SO ORDERED.

    BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court